# Supreme Court of Florida

———

No. SC22-139

———

**ADVISORY OPINION TO THE GOVERNOR RE: WHETHER ARTICLE III, SECTION 20(A) OF THE FLORIDA CONSTITUTION REQUIRES THE RETENTION OF A DISTRICT IN NORTHERN FLORIDA, etc.**

February 10, 2022

PER CURIAM.

On February 1, 2022, the Governor of Florida requested an advisory opinion from this Court pursuant to article IV, section 1(c) of the Florida Constitution relating to the constitutionality of redistricting congressional District 5. Specifically, the Governor asks, "whether Article III, Section 20(a) of the Florida Constitution requires the retention of a district in northern Florida that connects the minority population in Jacksonville with distant and distinct minority populations (either in Leon and Gadsden Counties or outside of Orlando) to ensure sufficient voting strength, even if not a majority, to elect a candidate of their choice." The Governor also cites precedent from this Court and the United States Supreme

Court pertaining to this issue and seeks further "guidance on what the non-diminishment standard" requires and "clarification from this Court on what constitutes a proper benchmark for determining whether a minority group's ability to elect a candidate of its choice has been diminished." On February 2, 2022, this Court requested "briefs from interested persons addressing whether the Governor's request is within the purview of [article IV, section 1(c)], and if so whether the Court should exercise its discretion to provide an opinion in response to the request."

Several interested persons argue that the Court does not have jurisdiction to render an advisory opinion under the circumstances described by the Governor's request. We need not make that determination because assuming the Court has jurisdiction, which we do not decide, we exercise our discretion to deny the request for an advisory opinion. *See Advisory Op. to Governor re Implementation of Amendment 4, The Voting Restoration Amendment*, 288 So. 3d 1070, 1074 (Fla. 2020) ("After concluding that the Governor's request was within the purview of article IV, section 1(c) of the Florida Constitution, we agreed to exercise our discretion to provide an advisory opinion."); *In re Advisory Op. to the Governor,*

509 So. 2d 292, 300 (Fla. 1987) ("It is the decision of the Court that this request is answerable under the above-noted section of the Constitution and we exercise our discretion to do so.").

This Court's advisory opinions to the Governor are generally limited to narrow questions. *See, e.g., Advisory Op. to Governor re Implementation of Amendment 4*, 288 So. 3d at 1075 (answering only "the narrow question of whether the phrase 'all terms of sentence' includes LFOs ordered by the sentencing court"). Here, the scope of the Governor's request is broad and contains multiple questions that implicate complex federal and state constitutional matters and precedents interpreting the Voting Rights Act of 1965.

While this Court acknowledges the importance of the issues presented by the Governor and the expressed need for quick resolution and finality, history shows that the constitutionality of a final redistricting bill for all congressional districts will be subject to more judicial review through subsequent challenges in court. Moreover, the Governor's request might necessitate fact-intensive analysis and consideration of other congressional districts, not just District 5. We have no record before us setting forth a functional analysis of statistical evidence, such as the voting age of minority

populations and election results. A record will assist the judiciary in answering the complex federal and state constitutional issues implicated by the Governor's request. *See generally Brown v. Firestone,* 382 So. 2d 654, 671 (Fla. 1980) (a declaratory action challenging the constitutionality of legislative action in circuit court will enable the parties "to develop a full record upon which the court can base an intelligent decision").

Accordingly, we respectfully deny the request for an advisory opinion. No rehearing will be permitted.

It is so ordered.

POLSTON, LABARGA, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.
CANADY, C.J., and LAWSON, J., recused.

Original Proceeding – Advisory Opinion to the Governor

Mohammad Jazil and Michael Beato of Holtzman Vogel Josefiak Torchinsky PLLC, Tallahassee, Florida, and Jason Torchinsky of Holtzman Vogel Josefiak Torchinsky PLLC, Haymarket, Virginia; and Ryan Newman, General Counsel, Joshua Pratt and Nicholas Meros, Deputy General Counsel, Executive Office of the Governor, Tallahassee, Florida,

for The Honorable Ron DeSantis, Governor of Florida

Henry C. Whitaker, Solicitor General, Daniel W. Bell, Chief Deputy Solicitor General, and Evan Ezray, Deputy Solicitor General, Office of the Attorney General, Tallahassee, Florida,

for Interested Party, Attorney General Ashley Moody

Henry M. Coxe III and Michael E. Lockamy of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, Florida; and Jacob Tuttle Newman, Peter A. Nelson, Catherine J. Djang, and Gregory L. Diskant of Patterson Belknap Webb & Tyler LLP, New York, New York,

    for Interested Parties, Common Cause Florida and FairDistricts Now

Joseph W. Jacquot, Lauren V. Purdy, and Pierce N. Giboney of Gunster, Jacksonville, Florida,

    for Interested Party, Mayor Lenny Curry

Daniel E. Nordby of Shutts & Bowen LLP, on behalf of the Florida Senate, Tallahassee, Florida; and Andy Bardos of GrayRobinson, on behalf of the Florida House of Representatives, Tallahassee, Florida,

    for Interested Parties, the Florida Senate and the Florida House of Representatives

Thomas A. Zehnder and Frederick S. Wermuth of King, Blackwell, Zehnder & Wermuth, P.A., Orlando, Florida; Abha Khanna and Jonathan P. Hawley of Elias Law Group LLP, Seattle, Washington, Graham W. White and Christina A. Ford of Elias Law Group LLP, Washington, District of Columbia; and John M. Devaney of Perkins Coie LLP, Washington, District of Columbia,

    for Interested Party, All On The Line Florida

Carl Christian Sautter, Washington, District of Columbia, Larry S. Davis, Hollywood, Florida, Benedict P. Kuehne and Michael T. Davis, Miami, Florida, and Jason B. Blank, Fort Lauderdale, Florida,

    for Interested Party, Rep. Sheila Cherfilus-McCormick, Member of Congress, Florida Congressional District 20